J-S16015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                        :             PENNSYLVANIA
                        :
           v.                :
                        :
                        :
MARCUS M. CAREY             :
                        :
        Appellant        :    No. 253 EDA 2023

Appeal from the Judgment of Sentence Entered December 12, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0005423-2022

BEFORE: STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:         **FILED JULY 25, 2024**

    Appellant, Marcus M. Carey, appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County (trial court). Following a non-jury trial, Appellant was found guilty of driving under the influence of alcohol (DUI) (75 Pa.C.S.A. § 3802(a)(1)). He challenges both the weight and the legal sufficiency of the evidence as to the commission of that offense. We affirm.

    On the night of Appellant's arrest, September 1, 2020, at about 1:00 a.m., Officer Jonathan Mundell observed a silver Lexus in the center median lane of Oregon Avenue with its reverse lights activated. The vehicle was stationary, and the driver appeared to be unconscious in the driver's seat. As

---

[*] Former Justice specially assigned to the Superior Court.

he approached on foot, the officer could see that the gear shift knob of the Lexus was in the reverse position.

Officer Mundell was able to enter the vehicle from the passenger side and place it in park before waking up the person in the driver's seat, who was later identified as Appellant. The officer asked Appellant what the cup in the center console of the vehicle contained, and Appellant admitted that he had been drinking a Long Island Iced Tea. The officer confirmed from the smell emanating from the vehicle and Appellant's person that the beverage was alcoholic. Further, the officer observed that Appellant's eyes were bloodshot, and his speech was slurred.

At that point, the officer had Appellant exit the vehicle to perform field sobriety exercises. Due to Appellant's performance, the officer believed that he was not able to operate the vehicle safely. Appellant was taken into custody and brought to a nearby DUI checkpoint.

When Appellant arrived at the checkpoint, he met Officer John Zirilli, who also noted Appellant's bloodshot eyes and the smell of alcohol on his person. Officer Zirilli informed Appellant of his right to refuse a blood-alcohol test, as well as the consequences of refusal. Appellant declined to take the blood test, and he was charged with one count of DUI.

At the subsequent bench trial, Appellant took the stand on his own behalf. He attempted to refute the above accounts of the arresting officers by testifying that he was not impaired by alcohol at the relevant times, and that he did not exhibit any behavior consistent with impairment. He testified

that Officer Mundell could not have entered his vehicle as described in the officer's testimony because the vehicle had an automatic locking feature that always went into effect when it was not parked (this locking feature was not corroborated by any other evidence). Further, Appellant claimed that he only declined the blood-alcohol test because he urgently needed to use a restroom and did not want to delay relieving himself.

The trial court found Appellant guilty as charged. He was sentenced to a term of incarceration between five days and six months, with immediate parole after five days. Appellant did not file any post-sentence motions, but he did timely appeal the judgment of sentence and comply with Pa.R.A.P. 1925. The trial court, in turn, submitted a 1925(a) opinion stating the reasons why the judgment of sentence should be upheld. **See** Trial Court 1925(a) Opinion, 10/25/2023, at 3-6.

In his brief, Appellant now argues that the evidence was both legally insufficient and against the weight of the evidence. **See** Brief of Appellant, at 1.

We first consider the sufficiency claim. Evidence is sufficient to sustain a conviction if it establishes every element of the offense beyond a reasonable doubt. **See Commonwealth v. Smith**, 234 A.3d 576, 581 (Pa. 2020). When reviewing the sufficiency of the evidence, the record must be construed in the light most favorable to the Commonwealth as verdict-winner, and all reasonable inferences from the evidence must be made in its favor. **See id**.

The finder-of-fact is free to believe all, part, or none of the evidence presented at trial. *See Commonwealth v. Frein*, 206 A.3d 1049, 1063 (Pa. 2019). On appeal, a reviewing court may not "reweigh the evidence and substitute its judgement for that of the fact-finder." *Commonwealth v. Mitchell*, 902 A.2d 430, 449 (Pa. 2006).

The subject offense in this case, DUI, is committed where an individual violates 75 Pa.C.S.A. § 3802(a)(1). This statutes mandates that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(a)(1).

In the present case, Appellant arguably has failed to preserve his sufficiency claim because he has not identified any particular element of DUI which was unproven. *See e.g., Commonwealth v. Williams*, 959 A.2d 1252, 1257-58 (Pa. Super. 2008) (affirming judgment of sentence where Appellant "failed to articulate the specific elements of any crime which he deems the evidence presented at trial failed to sufficiently establish."). He has also failed to develop the claim in his brief with citations to relevant parts of the record or legal authority. *See id*., at 1258 (issues waived for appellate purposes where party did not adequately develop the legal basis of his claim by setting forth "applicable case law to advance it[.]").

- 4 -

Regardless, even if the claim were preserved, it would be unavailing because there was sufficient evidence of every element of DUI. It was undisputed that Appellant was in actual physical control of a vehicle. The arresting officers testified that Appellant was discovered asleep in his Lexus, parked in the middle of a road, with the vehicle in reverse and an open cup in the center console which contained an alcoholic beverage. They testified further that Appellant showed visible signs of intoxication, and he performed poorly on field sobriety exercises, leading them to believe that he could not safety operate the vehicle due to impairment from alcohol. The trial court, sitting as finder-of-fact, was free to credit the testimony of the officers, and to determine that Appellant's contrary account was not credible. Thus, Appellant's sufficiency claim has no merit.

Further, as to Appellant's weight of the evidence claim, no relief is due. The claim was not preserved because Appellant failed to file a motion for a new trial asserting that ground for relief. **See** Pa.R.Crim.P. 607(A) ("A claim that the verdict was against the weight of the evidence shall be raise with the trial judge in a motion for new trial[.]"); ***Commonwealth v. Thompson***, 93 A.3d 478, 491 (Pa. Super. 2014) (same).

But even if the claim had been preserved, it would lack merit. A defendant may seek a new trial based on the claim that the verdict is against the weight of the evidence. ***See Commonwealth v. Clay***, 64 A.3d 1049, 1054-55 (Pa. 2013). A trial court's ruling on a weight of evidence claim is a matter of judicial discretion. ***See id***. "[T]he role of the trial judge is to

determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id.*, at 1055 (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 752 (Pa. 2000)). A new trial should be granted where the verdict "is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Id.* (quoting *Commonwealth v. Brown*, 648 A.2d 1177, 1189 (Pa. 1994)).

A reviewing court may only reverse such a ruling to correct an abuse of the trial court's discretion:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence.

*Widmer*, 744 A.2d at 753 (internal citations omitted).

In the present case, the trial judge did not have the opportunity to rule on a weight of evidence claim because Appellant did not move for a new trial, resulting in the waiver of that claim for purposes of appeal. However, in discussing Appellant's challenge regarding the sufficiency of the evidence, the trial court expressly found Appellant not to be a credible witness. Conversely, the trial court found the testimony of the arresting officers to be credible. These conflicts in the evidence were resolved in favor of the Commonwealth.

On review, we must give the gravest consideration to the trial court's credibility determinations. **See *id*.** In light of the trial court's findings in that regard, as well as our standard of review, we are unable to discern how the trial court could have possibly abused its discretion in finding Appellant guilty. Thus, the judgment of sentence must stand.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/25/2024